UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|

| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS); PLAINTIFFS' MOTION TO REMAND (Dkt. 9, filed October 13, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for November 10, 2014 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION & BACKGROUND

On July 8, 2014, plaintiff Michael Brown, joined by 71 individuals, filed a complaint in the Los Angeles County Superior Court alleging the following state law claims against defendants Citibank and Citimortgage: (1) Fraud; (2) Conspiracy to Commit Fraud; (3) Conversion; (4) Conspiracy to Convert; (5) Violation of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*; (6) Unfair Business Practices, Cal. Bus. & Prof. Code §17200, *et seq.*; and (7) Unjust Enrichment. Dkt. 1. In brief, plaintiffs allege that defendants are acting as servicers of their residential mortgages absent any authority to do so.

The complaint explains that defendants and other lenders securitize residential mortgages, including plaintiffs' mortgages, and pool them together to be sold as residential mortgage-backed securities ("RMBSs"). In turn, these RMBSs are subject to a series of tax laws pursuant to the Real Estate Mortgage Investments Conduit Act ("REMIC"), as well as the terms of contracts known as pooling services agreements ("PSAs"). However, plaintiffs assert that they are not challenging the right of defendants to securitize their loans; rather, they assert that defendants violated the terms of the relevant PSAs and state recording laws. As a result of these violations, plaintiffs allege that defendants are not the true holders of plaintiffs' mortgages and thus have no right to collect mortgage payments from plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

On October 3, 2014, defendants removed the action to this Court pursuant to 28 U.S.C. §§1331 and 1332. Dkt. 1. In the notice of removal, defendants assert that the Court has subject matter jurisdiction over this action because it involves a dispute among parties of diverse citizenship, as well as an alleged amount in controversy exceeding $75,000. Id. Alternatively, defendants contend that the Court has jurisdiction because the complaint raises a federal question. Id. On October 13, 2014, plaintiffs filed a motion to remand, as well as a request for attorney's fees incurred in bringing this motion. Dkt. 9. Defendants opposed the motion on October 20, 2014, dkt. 15, and plaintiffs replied on October 27, 2014, dkt. 17. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 20 S. Ct. 854 (1900); see also Schwarzer, *supra*, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. DISCUSSION

#### A. Diversity Jurisdiction

Federal jurisdiction founded on diversity requires the existence of complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F. 3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).

Plaintiffs argue that diversity jurisdiction is lacking because the complaint clearly alleges that the total monetary relief sought by each of the seventy-two plaintiffs is less than $75,000. See Mot. Remand. Specifically, plaintiffs argue that each claim arises out of a different mortgage and are therefore "separate and distinct" claims which cannot be aggregated for purposes of satisfying the amount in controversy requirement. Plaintiffs identify several places within their complaint where they expressly restrict the amount of damages for each claim with the following disclaimer:

> All inclusive, each Plaintiff is seeking a combined total recovery from all causes of action and all manner of recovery—including general damages, special damages, and any other compensation or disgorgement—of no more than $75,000 total. (This amount also includes the monetary value of any non-monetary items sought or awarded.) It is Plaintiffs' desire and decision to avoid federal jurisdiction by avoiding any matters involving a federal question in this Complaint and by setting the amount in controversy at no more than $75,000 for each Plaintiff. Plaintiffs are not seeking punitive damages, statutory damages or attorney's fees. Plaintiffs are not seeking declaratory relief. Plaintiffs are not seeking to rescind or otherwise cancel any of the loans described herein. Finally, plaintiffs are not seeking to challenge the ownership rights of any real property they may currently own or that they may have previously owned in the past.

Compl. ¶¶ 142, 148, 156, 162, 171, 180. Plaintiffs argue that this language, coupled with the well-established rule that the plaintiff is the "master of the complaint," requires the Court to remand the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

Defendants respond that the complaint's disclaimer is futile and contradicted by plaintiffs' own allegations. First, defendants argue that notwithstanding the disclaimer's restriction on injunctive or declaratory relief, a judgment entered in plaintiffs' favor would implicitly divest defendants of their ability to collect on the loans at issue. Provided that some of the loans in dispute will not mature for a substantial period of time, defendants contend that the complaint alleges a deprivation in excess of $75,000. Similarly, defendants argue that the complaint seeks restitution for amounts allegedly wrongfully collected and an order that defendants "pay back to each plaintiff any and all monies unjustly received." Defendants argue that relief of this sort will exceed $75,000 on certain claims. Finally, because the complaint seeks relief in the form of a judgment depriving defendants of their ability to collect, and restoring all wrongfully collected payments to plaintiffs, defendants contend that the actual amount in controversy parallels the debt secured by the trusts at issue. Defendants argue this amount well exceeds $75,000 and, accordingly, this action should not be remanded.

The Court adheres to two general principles of federal jurisdiction when reviewing removal. First, as set forth above, removal statutes are strictly construed against jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." See Gaus, 980 F.2d at 566 (9th Cir. 1992). Accordingly, "'[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.'" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-290 (1983)).

Second, plaintiffs are "master[s] of [their] complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14AA Fe. Prac. & Proc. Juris § 3702 (4th ed.). Although a defendant can show that, notwithstanding the limitation in the complaint, the amount in controversy in fact exceeds the jurisdictional minimum, the defendant's "burden of proof must be a heavy one." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, plaintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000. While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess of $75,000, plaintiffs are still entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'    JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

disclaim any intent to fashion this sort of relief. "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co., 303 U.S. at 294. Here, plaintiffs have taken advantage of this expedient, and thus the Court concludes that the amount in controversy is less than $75,000. Accordingly, the Court finds that diversity jurisdiction does not exist.[1]

However, the Court reaches this conclusion with the understanding that plaintiffs will continue to adhere to their disclaimer of any intent to pursue relief in excess of the jurisdictional threshold. Should this understanding prove incorrect—if, for example, plaintiffs seek injunctive or declaratory relief that would invalidate the entirety of their mortgages—it may be necessary for this Court to revisit the question of diversity jurisdiction.

### B. Federal Question Jurisdiction

For purposes of 28 U.S.C. § 1331, the question of whether a claim arises under federal law is determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9–10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27–28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). A claim supported by alternate theories is not sufficient for federal question jurisdiction unless federal law is essential to *each* of those theories. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) (holding that a "claim supported by alternate theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of these theories."). Thus,

---

[1] Because the amount in controversy requirement is not satisfied, the Court need not decide whether there is complete diversity of citizenship between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

where alternative state law theories exist for each claim, there is no federal question jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir.1996) (noting that "if a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper") (following Christianson, 486 U.S. at 810).

Defendants contend that, although the complaint alleges a series of state law claims, resolution of those claims depends upon interpretation of REMIC and the Real Estate Settlement Procedure Act ("RESPA"). Defendants argue that, in alleging that their loans were improperly securitized, plaintiffs are actually alleging that defendants engaged in conduct that violates REMIC. Defendants also argue that by alleging a failure to provide notice of transfers and assignments of their loans, plaintiffs rely on alleged violations of RESPA. At bottom, defendants argue that a federal question is present because plaintiffs' theory of recovery hinges whether these alleged violations of federal law resulted in the fraudulent securitization of plaintiffs' loans.

Having reviewed the complaint, the Court finds that plaintiffs claims do not arise under federal law. Although the complaint does mention the recording requirements of REMIC, it appears to the Court that the crux of plaintiffs' allegations is that defendants' violation of the terms of PSAs and various state recording acts has created a dispute as to the true holders of plaintiffs' mortgages. Further, where the complaint mentions the REMIC requirements, it appears that this is merely to illustrate the regulatory context within which lenders are permitted to securitize mortgages—not to assert that defendants' noncompliance with these requirements give rise to plaintiffs' claims. Indeed, each individual claim in the complaint alleges injury resulting from defendants' noncompliance with the PSAs and state recording acts, without reference to REMIC or RESPA. Accordingly, the Court finds that the complaint does not contain a substantial question of federal law and federal question jurisdiction does not exist.[2]

---

[2] Even assuming plaintiffs intend to use the REMIC requirements to dispute defendants' claim to title, the Court is not convinced that this would create federal question jurisdiction. As discussed *supra*, Christianson holds that a claim supported by alternative theories does not give rise to federal question jurisdiction unless a federal question is essential to each theory. Here, plaintiffs' claims are supported by several theories, including defendants' alleged failure to comply with the terms of the PSAs and state recording acts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:14-cv-07695-CAS-VBK | Date | November 7, 2014 |
|---|---|---|---|
| Title | MICHAEL BROWN ET AL. V. CITIBANK USA, N.A. ET AL. | | |

## IV.   CONCLUSION

In accordance with the forgoing, this case is hereby REMANDED to the Los Angeles County Superior Court.  The Court also DENIES plaintiffs' request for attorney's fees.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ